Damien Munsinger, WSB No. 50531
damien@kleinmunsinger.com
Jose Klein, WSB No. 47449
jose@kleinmunsinger.com
KLEIN MUNSINGER LLC
1215 SE 8th Ave Ste F
Portland, OR 97214-3497
(503) 568-1078
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT SPOKANE

| | |
|---|---|
| MARIAH BLACKBURN, an individual,<br><br>                                        Plaintiff,<br><br>        v.<br><br>MIKE ASHER, an individual; and NATHAN CASTILLO, an individual,<br><br>                                        Defendants. | Case No. 2:21-cv-214<br><br>COMPLAINT<br><br>  **1.** Sexual Harassment (Wash. RCW § 49.60.180)<br><br>JURY TRIAL DEMANDED |

## I.     NATURE OF THE ACTION

1.      Plaintiff Mariah Blackburn was employed by Defendants as a farmhand during the 2018 and 2019 hay harvesting seasons. In August 2018, Defendant Mike Asher sexually assaulted Plaintiff, grabbing her crotch and stating, "I want this," in response to a question from Plaintiff about the price of hay that she was attempting to purchase. Following that assault, Defendants engaged in a campaign of demeaning and harassing conduct towards Plaintiff that persisted until July 2019, when she was forced to resign to maintain her safety and psychological well being.

COMPLAINT
Page 1

2.	Ms. Blackburn seeks redress for the sexual assault and harassment that she endured at the hands and mouths of Defendants.

## II.	JURISDICTION

3.	This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and the parties are citizens of different States.

4.	Venue is proper within the Eastern District of Washington, Spokane Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

## III.	PARTIES

5.	Plaintiff Mariah Blackburn ("Plaintiff" or "Ms. Blackburn") is an individual citizen of Washington. Ms. Blackburn is and has been through all material times a resident of Grant County, Washington. During the hay harvesting seasons of 2018 and 2019, she was an employee of Defendants Mike Asher and Nathan Castillo.

6.	Defendant Mike Asher ("Mr. Asher") is an individual domiciled in Arizona. At all material times, Mr. Asher did business as Mike Asher Farms.  At all material times, Mr. Asher was an "employer" as defined by RCW § 49.60.040 and within the meaning of RCW § 49.60.180. Mr. Asher's permanent residence is in Arizona, but during the summer months when harvesting occurs at Mike Asher Farms, Mr. Asher temporarily relocates to Quincy, Washington. At all relevant times, Mr. Asher employed at least eight individuals.

7.	Defendant Nathan Castillo (Mr. Castillo) is an individual domiciled in Washington. At all material times, Mr. Castillo managed Mike Asher Farms and was an "employer" as defined by RCW § 49.60.040 and within the meaning of RCW § 49.60.180.

COMPLAINT
Page 2

## IV.    FACTUAL ALLEGATIONS

8.    In July 2018, Defendants hired Ms. Blackburn as a farmhand on Mike Asher Farms in Quincy, Washington. Ms. Blackburn assisted with the harvesting and baling of timothy hay and alfalfa. She was compensated at a rate of $20.00 per hour, paid to her in cash. She reported to Mr. Asher and Mr. Castillo.

9.    During the summer of 2018, Ms. Blackburn cared for several horses. In August 2018, Ms. Blackburn had a conversation with Mr. Asher, in which she inquired about purchasing seven tons of hay for her horses from Mr. Asher. Mr. Asher indicated that he would be willing to make a deal regarding the purchase of hay.

10.    In early August, she went to Mr. Asher's summer lodgings to pick up her wages for hours worked, and to finalize the deal for the purchase of hay. At that time, she asked Mr. Asher what the hay would cost. Mr. Asher responded by sexually assaulting Ms. Blackburn. He approached her, grabbed her crotch over her clothing, and while doing so, declared "I want this." Ms. Blackburn was shocked. She stepped away from Mr. Asher and told him, "I have never [had sex] for anything in my life. Go ahead and take it out of my paycheck."

11.    Throughout the remainder of the 2018 work season Mr. Asher and Mr. Castillo engaged in a pattern of sexual harassment towards Ms. Blackburn. Among the actions performed by Mr. Asher and Mr. Castillo about and/or towards Ms. Blackburn were:

   a.    Staring at Ms. Blackburn's chest or backside when she was working;
   b.    Making comments about Ms. Blackburn's body to one another in Ms. Blackburn's presence;
   c.    Making jokes regarding "sex hay" in reference to Mr. Asher's earlier unwanted touching of Ms. Blackburn's crotch.

12.     Mr. Asher and Mr. Castillo also routinely made gratuitously demeaning comments about other females in the workplace in Ms. Blackburn's presence. For example Mr. Asher stated in Ms. Blackburn's presence about another woman at the workplace, "That girl right there needs a [expletive]." This and other demeaning comments by Mr. Asher and Mr. Castillo caused Ms. Blackburn shame and embarrassment, and made her feel unwelcome and unsafe in the workplace. However, because Ms. Blackburn needed the income, she felt that she had no choice but to continue working for Defendants.

13.     During this time in the summer and fall of 2018, Mr. Castillo would routinely ask Ms. Blackburn to text him naked pictures of herself. Ms. Blackburn never obliged, and in order to protect her job status, Ms. Blackburn would deflect and behave as though Mr. Castillo were engaging in a humorous joke.  However, Ms. Blackburn found Mr. Catillo's repeated demands for nude photos demeaning and humiliating.

14.     In the Winter of 2018-2019 and into the Spring, Mr. Castillo engaged in a pattern of unwanted sexual advances. Several times Mr. Castillo asked Ms. Blackburn to come to his house late at night to party. At first, Ms. Blackburn was open to the possibility of socializing and potentially having a relationship with Mr. Castillo. However, by the Spring of 2019, Ms. Blackburn determined that she did not want to have an intimate relationship with Mr. Castillo. She began to avoid going to his residence and made a point of not being alone with Mr. Castillo.

15.     In or around April 2019, Ms. Blackburn returned to work for Defendants during the following hay season.

16.     When she returned to work, Defendants immediately resumed making derogatory and demeaning comments towards Ms. Blackburn. For example, one day while Mr. Asher was working in a field, he passed by Ms. Blackburn in the tractor. He opened the tractor door and told Ms. Blackburn, "I am going to have a big stack

COMPLAINT
Page 4

KLEIN MUNSINGER LLC
1215 SE 8th Ave Ste F Portland OR 97214
503.568.1078

of sex hay this year." On another occasion, Mr. Castillo told Ms. Blackburn that if he were a woman he "would never pay for anything."

17.     On one occasion during the summer of 2019, Ms. Blackburn texted Mr. Castillo that she would be late for work, he responded that it would "cost [her] a boob pic."

18.     Ms. Blackburn is informed and believes that Defendants did not demand sexual gratification or intimate photos from similarly situated male employees. Nor were similarly situated male employees the targets of demeaning jokes about their bodies or other physical features.

19.     As the 2019 harvesting season progressed, Mr. Castillo became more hostile towards Ms. Blackburn because Ms. Blackburn was not willing to sexually gratify Mr. Castillo. In retaliation for her refusal to be intimate with him, Mr. Castillo began to reduce Ms. Blackburn's hours. Mr. Castillo directly conditioned Ms. Blackburn's work schedule on her willingness to spend time with him outside of regular work hours.

20.     In July 2019, following a day in which both Mr. Asher and Mr. Castillo had been exceedingly cruel towards her, Ms. Blackburn quit. When leaving the job, Ms. Blackburn confirmed to Mr. Asher that the inappropriate conduct of Defendants was the reason for her quitting. "This [expletive] that you guys have going on, trying to get in my pants is [expletive]." She emphasized that the treatment that she had been subjected to was not right. In her statement, she specifically declared that she opposed Mr. Castillo "cutting my hours because I won't put out [i.e. engage in sexual conduct with him]."

COMPLAINT
Page 5

KLEIN MUNSINGER LLC
1215 SE 8th Ave Ste F Portland OR 97214
503.568.1078

## V.    CLAIM FOR RELIEF

### Sexual Harassment (RCW § 49.60.180)

### Against Asher and Castillo

21.    Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

22.    Defendants' conduct as set forth above created an intimidating, hostile, and offensive working environment for Plaintiff that forced her to resign for her own safety and wellbeing. Defendants' conduct violates the Washington Law Against Discrimination, RCW § 49.60.180, which forbids employers to discriminate against any person in the terms or conditions of their employment because of sex.

23.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost compensation, and emotional damages in the form of embarrassment, humiliation, stress, and a loss of enjoyment of life.

24.    Under RCW § 49.60.030, Plaintiff requests fair compensation in an amount to be determined by the jury to be reasonable, for Plaintiff's economic and non–economic damages, attorney fees, and costs.

## VI.    JURY TRIAL DEMAND

25.    Plaintiff demands a jury trial on all claims and issues triable to a jury.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

 a. Assume jurisdiction over the claim set forth herein;

 b. Issue a declaration that Defendants have violated Plaintiff's legally protected rights, and an order requiring Defendants to correct this deficiency;

COMPLAINT
Page 6

KLEIN MUNSINGER LLC
1215 SE 8th Ave Ste F Portland OR 97214
503.568.1078

c.  Grant equitable relief including but not limited to an expungement of all negative references or allegations of performance deficiencies that may be in Plaintiff's personnel file;

d.  Order Defendants to make Plaintiff whole by compensating Plaintiff for past and future pecuniary losses, including expenses, impairment of earning capacity, lost past and future earning and benefits of employment, and such other losses as are awarded by a jury or otherwise established at trial;

e.  Order Defendants to pay Plaintiff an award of compensatory damages for non-economic losses, including physical and emotional injury, pain and suffering, mental anguish, humiliation, embarrassment, and loss of enjoyment of life in an amount to be determined by a jury;

f.  Award Plaintiff Plaintiff's costs of suit and reasonable attorney fees, costs, and expert witness fees;

g.  Order Defendants to compensate Plaintiff for any tax penalty associated with recovery;

h.  Order Defendants to pay prejudgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action;

i.  Grant a permanent injunction enjoining Defendants, their management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with either Defendant, from engaging in any employment practice which discriminates against employees because of sex;

j.  Order Defendants to create, implement, and carry out policies, practices, and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct; and

COMPLAINT
Page 7

k.  Any other relief the Court deems just and equitable.

DATED: July 19, 2021                    KLEIN MUNSINGER LLC

By: *s/Damien Munsinger*
    Damien Munsinger, WSB No. 50531
    damien@kleinmunsinger.com
    Jose Klein, WSB No. 47449
    jose@kleinmunsinger.com
    Of Attorneys for Plaintiff

COMPLAINT
Page 8