UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIAH BLACKBURN, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MIKE ASHER, an individual; and NATHAN CASTILLO, and individual,<br><br>　　　　　　Defendants. | NO: 2:21-CV-0214-TOR<br><br>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

On July 19, 2021, Plaintiff filed a lawsuit against Defendants alleging this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  ECF No. 1.  Plaintiff is a citizen of Washington.  *Id*. at 2, ¶ 5.  Defendant Mike Asher is domiciled in Arizona.  *Id*. at ¶ 6.  However, Defendant Nathan Castillo is domiciled in Washington.  *Id*. at ¶ 7.

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION ~ 1

1  (limits on federal jurisdiction "must be neither disregarded nor evaded"); *see also*

2  *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002) ("a court of the United

3  States may not grant relief absent a constitutional or valid statutory grant of

4  jurisdiction").  Thus, it is presumed that a federal court lacks jurisdiction" unless

5  the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873

6  F.2d 1221, 1225 (9th Cir. 1989).  A court may consider subject matter jurisdiction

7  *sua sponte*.  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960,

8  967 (9th Cir. 2004) (the district court had a duty to establish subject matter

9  jurisdiction over the removed action *sua sponte*, whether the parties raised the

10  issue or not).  It is well established that "lack of federal jurisdiction cannot be

11  waived or be overcome by an agreement of the parties." *Id*. at 966-67 (citing

12  *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also Toumajian v. Frailey*, 135

13  F.3d 648, 652 (9th Cir. 1998) ("In this action, as in all actions before a federal

14  court, the necessary and constitutional predicate for any decision is a determination

15  that the court has jurisdiction—that is the power—to adjudicate the dispute.")).

16      Since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806), the Supreme

17  Court has read the statutory formulation "between . . . citizens of different States"

18  to require complete diversity between all plaintiffs and all defendants.  *Lincoln*

19  *Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also In re Digimarc Corp.*

20  *Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER
JURISDICTION ~ 2

This action does not have complete diversity between plaintiff and all defendants.

**ACCORDINGLY, IT IS ORDERED:**

1. This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The pending motion, ECF No. 4, is **DENIED** as moot.

The District Court Executive is directed to enter this Order, enter judgment accordingly, provide copies to counsel, and **CLOSE** the file.

DATED October 21, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION ~ 3